# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4064 | **DATE** | 7/29/2011 |
| **CASE TITLE** | Roy Pickett (#K-72731) vs. Illinois Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#7] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $9.00 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. On the court's own motion, the Illinois Department of Corrections is dismissed as a defendant on initial review pursuant to 28 U.S.C. § 1915A; the plaintiff's claim relating to mandatory supervised release is likewise summarily dismissed. The clerk is directed to: (1) file the amended complaint; (2) send a copy of this order to the trust fund officer at the Stateville Correctional Center; (3) issue summonses for service on defendants Velasco and Godinez by the U.S. Marshal; and (4) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ **[For further details see text below.]**   Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials, violated the plaintiff's constitutional rights in connection with a previous stint of incarceration by holding him in prison for over three months after his sentence expired, and by subjecting him to three years of mandatory supervised release.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $9.00. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Al payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action relating to his prolonged confinement. The plaintiff had a constitutionally protected liberty interest in being released from prison before the end of his term for good behavior. *Toney-El v. Franzen*, 777 F.2d 1224, 1227 (7th Cir. 1985), citing *McKinney v. George*, 726 F.2d 1183, 1189 (7th Cir. 1984). While a more fully developed record may belie the plaintiff's allegations, defendants Velasco and Godinez must respond to the amended complaint.

Nevertheless, the court notes that the plaintiff's claim would seem to be largely time-barred. In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. The plaintiff contends that he should have been released from prison in March 2009 but that he was not released until June 12, 2009. The Clerk of Court did not receive the plaintiff's complaint until June 13, 2011, just over two years later. Under the "mailbox rule," prisoner pleadings are considered "filed" when given to the proper prison authorities for mailing, and not when received by the district court clerk. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999), *relying on Houston v. Lack*, 487 U.S. 266 (1988) (both Section 2254 habeas cases). In this case, the court cannot determine the filing date because none of the plaintiff's initiating documents are dated. However, the plaintiff will likely be entitled to relief for, at most, only a few days because he waited too long to bring suit.

In addition, as the court previously cautioned the plaintiff, he must show the personal involvement of the named defendants. "Stateville's warden and the Director of the IDOC cannot be held responsible for keeping the plaintiff in prison unless they were aware that the plaintiff was being held past his out date and failed to act." Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). *See* Minute Order of June 23, 2011.

The amended complaint is dismissed on initial review as to the Illinois Department of Corrections. As also noted in the court's previous order, the Eleventh Amendment bars suit against the Illinois Department of Corrections itself. *See, e.g., Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005) (citations omitted). The IDOC is not, itself, a proper defendant.

The plaintiff's claim that he was subjected to three years of mandatory supervised release–longer than the prison term itself–is likewise dismissed. Chapter 730, Illinois Compiled Statutes, Section 5/5-8-1(d)(1) provides for a 3-year term of mandatory supervised release for most class X felonies. The IDOC website reflects that the plaintiff was convicted of attempted murder, a Class X felony. Therefore, he was statutorily required to serve parole for three years. Notwithstanding the anomaly that the parole term was longer than the prison term, the parole **(CONTINUED)**

| STATEMENT (continued) |
|---|

term was not an "abuse in discretionary power" on the part of the IDOC director, as the plaintiff asserts. To the contrary, the prison system had no discretion to discharge the plaintiff's statutorily mandated parole.

The clerk shall issue summonses forthwith for service on defendants Velasco and Godinez. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either defendant can no longer be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.