# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4064 | **DATE** | 4/5/2012 |
| **CASE TITLE** | Roy Pickett (#K-72731) vs. Illinois Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The defendants' uncontested motion to dismiss [#14] is granted. The complaint is dismissed pursuant to 28 U.S.C. § 1997e(a) for failure to exhaust administrative remedies prior to bringing suit. The case is terminated.

■ [**For further details see text below.**]      **Docketing to mail notices.**

### STATEMENT

    The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials, violated the plaintiff's constitutional rights in connection with a previous term of incarceration. The plaintiff contends that the defendants both held him in prison for over three months after his sentence expired, and subjected him to three years of mandatory supervised release without authority for doing so. This matter is before the court for ruling on the defendants' motion to dismiss. For the reasons stated in this order, the uncontested motion is granted.

    In November 2011, the defendants filed a motion to dismiss the complaint. The defendants argue that the complaint fails to state a claim against them because the plaintiff does not allege facts suggesting their direct, personal involvement; the defendants additionally maintain that the plaintiff, in any case, failed to exhaust administrative remedies prior to filing suit.

    Although advised of his opportunity to respond, *see* briefing schedule entered November 14, 2011, the plaintiff has not filed a brief opposing the motion. The court on its own motion granted the plaintiff a final extension of time on February 3, 2012, warning him that ruling on the defendants' motion would be based solely on their brief if no response was filed. Despite the court's admonition, the plaintiff has not responded to the motion.

    The court is satisfied that the plaintiff failed to exhaust administrative remedies prior to filing suit. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim [in federal court]." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001). The court construes the plaintiff's non-response as a concession that he did not exhaust administrative remedies.

Because the plaintiff implicitly admits that he failed to exhaust administrative grievance procedures, the court has no occasion to consider the respective defendants' personal involvement. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits...." *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).

For the foregoing reasons, the defendants' uncontested motion to dismiss is granted. The complaint is dismissed pursuant to 28 U.S.C. § 1997e(a) for failure to exhaust administrative remedies prior to bringing suit. The case is terminated.